John H. Austin, Appellant, v. William H. Yott et al., Appellees.

## Gen. No. 17,004.

GOOD WILL—*when purchaser not enjoined from incorporating company using name of bankrupt.* Where a business of supplying remedies for the hair and scalp is made valuable by advertising and can be conducted by clerks filling orders by supplying labeled packages of uniform size and shape, it is a business of a commercial and nonprofessional character; and on a sale of the business and good will by a trustee in bankruptcy an incorporation of a company, using the name of the bankrupt with the addition of the word "company," to take over the purchase cannot be enjoined by the bankrupt.

Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 4, 1912.

**Statement by the Court.** On May 10, 1909, appellant, John H. Austin, hereinafter called complainant, filed his bill of complaint setting out that he had been for more than twenty years engaged in the study and examination of the human hair and scalp, and the preparation and sale of various secret compounds beneficial to the hair and scalp, and had continuously advertised to the public that he was a person of special knowledge and skill in relation to the hair and scalp, and the possession, preparation and selection of remedies adapted to the various conditions thereof, and that by reason of his skill and advertisements had the personal confidence of a large number of persons who had purchased the remedies and compounds prepared by him; that he was generally and commonly known as Prof. J. H. Austin; that on the 18th day of February, 1909, he was adjudged a bankrupt by the District Court of the United States, and that all of his estate went to his trustee in bankruptcy; that appellees, William H. Yott, Fred J. Roepler and W. C.

Hyde, hereinafter called defendants, conceived the plan or scheme of forming a corporation under the name of "Prof. J. H. Austin Company" to go into the business of manufacturing and selling various compounds for the hair and scalp and advertising the same, and that by reason of the adoption of the complainant's name as the name and title of the proposed corporation, to induce people to believe that the complainant was connected with the said corporation, and to cause the public to believe that such compounds and remedies as said proposed corporation might manufacture were prepared by the complainant, and that the complainant's skill and knowledge were employed in the preparation thereof; that the complainant has not consented to the use of his name, and the said defendants have no right to acquire it in the manner contemplated by them; that the defendants on March 30, 1909, in execution of the plan filed a statement with the Secretary of State and received a license to open books for subscription to the capital stock of the proposed corporation; that complainant protested to the defendants and was informed that no further proceedings would be taken without notice; that since that time notice has been given that defendants would proceed with the completion of the corporation; that such action would be a fraud upon the complainant and the public, and that the complainant is without remedy at law, and irremediable damages will be caused. The bill prays for an injunction and is verified by the affidavit of the complainant. On the same day an injunction was issued commanding the defendants to desist and refrain from in any manner proceeding to perfect the organization of a corporation under the name of "Prof. J. H. Austin Company" or any name in which J. H. Austin was a component part, or from making any use of the name of J. H. Austin, or John H. Austin, or Prof. J. H. Austin, in and about the carrying on of the business of manufacturing, selling,

or advertising or offering for sale any compound or remedy for conditions of the hair or scalp in any manner which would tend to deceive the public or cause any portion thereof to believe that said remedies or compounds were manufactured or prepared personally by complainant, or would tend to cause the public to believe that complainant is personally connected with the manufacture, preparation or sale of such remedies or compounds.

On August 24, 1909, the joint and several answers of the defendants were filed to the bill, denying the material allegations thereof except the allegation that the complainant was adjudicated a bankrupt. In December, 1909, the defendants took leave to withdraw their answer, and to file and filed a plea setting up that for several years previous to February 8, 1909, the plaintiff was in the conduct of a business under the name of "Prof. J. H. Austin," describing the business set forth in the complainant's bill; that after the matters alleged in the bill and before the bill was filed, J. E. Winterbotham was appointed trustee in bankruptcy of complainant's estate, and qualified as such, and was afterward directed by the court of bankruptcy to sell certain assets belonging to the said estate, and the trustee did, on May 11, 1909, sell to R. E. Berlet all the assets belonging to said estate, all right, title and interest of said trustee as such in the chattel property belonging to said estate, and in the business of said bankrupt complainant as conducted by him in the McVicker's Theatre building, Chicago, Illinois, at and previous to the time of his adjudication in bankruptcy, and all right, title and interest of the trustee in the good will of the business and all rights and property which the trustee then had in and pertaining to said business of the bankrupt complainant; that the trustee gave Berlet a bill of sale, on May 21, 1909, and Berlet on June 1, 1909, by a bill of sale conveyed to the defendant William H. Yott all the assets which he

had purchased from the trustee; that being advised
by counsel that the assets offered by the trustee would
include the good will of the business conducted by the
plaintiff prior to his bankruptcy, Yott on March 30th
filed a statement for the incorporation of "Prof. J. H.
Austin Company," and received a license; that this
was done for the purpose of providing a corporation
to take over the assets of the bankrupt complainant,
and that Yott desires to complete the corporation for
the purpose of assigning to it said assets.

The plea further sets out that on March 18th the
complainant filed a petition in the bankruptcy court
representing that he had been engaged in treating
diseases of the hair and scalp and furnishing treat-
ment therefor to individual persons, and substantially
what appears in the complainant's bill of complaint,
and the manner in detail of conducting his business;
and the petition prayed for an order that the trustee
desist from personating petitioner and that he turn
over all mail to the petitoner.

On March 10, 1909, the trustee filed in the District
Court of the United States an answer to the petition,
and the answer is set forth in the plea.

On March 31st, the referee entered an order in
bankruptcy on the petition and answer of the trustee as
follows:

"The matter of the petition of the bankrupt herein
and the answer of the trustee thereto, in which the
bankrupt asks for an order in regard to the mail, com-
ing on to be heard the bankrupt offering no testimony
in support of his petition and it appearing from the
proofs offered by the trustee that the business of said
bankrupt is not a professional business but a com-
mercial business, and it appearing that the property
of the bankrupt estate was used by the bankrupt in ob-
taining and filling orders received by him after filing
his petition in bankruptcy, and it appearing that it is
impossible to separate the mail belonging to said bank-
rupt and said trustee, for that and various other rea-

sons it is therefore ordered that the prayer of said petition be denied.''

The plea then sets out that the order of the referee above mentioned was confirmed in April, 1909, by the District Court and that it remains in full force and effect.

The plea of the defendants was on January 25, 1910, overruled, but allowed to stand as the answer to the complainant's amended bill.

Replications were made to the answer after certain portions of it had been expunged on exceptions taken thereto, and on June 4, 1910, upon the final hearing, the court entered a decree in which eighteen findings are made, adjudging and decreeing that the preliminary injunction entered in the case be dissolved and the complainant's bill of complaint as amended be dismissed with costs to the defendant. From that decree the present appeal is prosecuted.

There was pending in the same court at the time of the pendency of this cause a bill filed by S. T. A. Loftis, substituted for William H. Yott, against John H. Austin, in which substantially the same issues and questions were presented as in this cause. The two cases were consolidated for hearing, and on June 4, 1910, a decree was also entered in the case of Loftis v. Austin, by which the court ordered, adjudged and decreed that the said John H. Austin, his agents, and employes, be perpetually restrained and enjoined from in any manner receiving, using or appropriating to his own use any letters or mail matter relating to or connected with the business conducted by said Austin in Chicago previous to his bankruptcy, and restraining Austin and his agents from taking and receiving any letters or mail written or sent by parties seeking thereby to purchase or procure information about the said preparations so sold by Austin, in the conduct of his business in Chicago previous to his bankruptcy, and appointing a receiver to take and receive the mail

from the United States postal authorities at Chicago, addressed to Prof. Austin or Prof. J. H. Austin, McVicker.'s Theatre building, Chicago, or Prof. Austin, or Prof. J. H. Austin in Chicago, or Chicago, Illinois, unless such mail matter was addressed to the residence of said Austin, and directing the receiver upon receiving such mail to turn it over to the complainant, and providing a bond to be given by the receiver, and assessing costs against Austin. From this decree also Austin prosecutes an appeal to this court, and the causes have been consolidated for hearing upon the same record.

W. KNOX HAYNES, for appellant.

No appearance by appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

We have carefully reviewed the evidence contained in the record, and we are of the opinion from the evidence that the findings of the decree entered in the case are sustained by the evidence. In our opinion the business conducted by the appellant here was a purely commercial business to which good will had attached by means of the advertising conducted by the business. The evidence shows that the business was conducted by the assistance of clerks, and was reduced to a system by which the clerks themselves were able to put up and fill the orders of the various customers when received, and such orders were filled as in an ordinary commercial business, and that the packages in which the remedies were put up were of a uniform size and shape and were labeled in such manner that they could be selected by the clerks of the business, and that the names of Prof. Austin and Prof. J. H. Austin in connection with the business became and were mere trade names when used in con-

nection with the preparations sold, and it was a mail order business of a purely commercial and non-professional character.

The evidence shows that in the conduct of that business the complainant John H. Austin became indebted to S. T. A. Loftis in the sum of $3,000 for advertising ordered by said Austin to advertise the said business, and the preparations sold, and that that debt was, among others, scheduled by Austin in his proceedings in bankruptcy; and that after the 8th of February, 1909, when Austin was adjudged a bankrupt, Joseph E. Winterbotham became the trustee in bankruptcy, and under the direction of the court continued the business of the bankrupt until it was sold out as alleged in the answer to the bill, under the direction of the District Court of the United States to R. E. Berlet, the sale including all the right, title and interest of the trustee as such in the business of said Austin as conducted by him in the McVicker's Theatre building, Chicago, Illinois, at and previous to his adjudication in bankruptcy; and all right, title and interest of the trustee as such in the good will of the business, and all rights and property which the trustee had pertaining to the business; and that the trustee made conveyance to Berlet of all the assets so sold and Berlet conveyed the property to Yott one of the defendants in the cause; and that the right, title and interest to the assets which they received from Berlet were and are the property of Loftis, and by means of the conveyance Loftis acquired all the property rights in the good will of the business conducted by Austin, as applied to the preparations manufactured and sold by him at Chicago, Illinois.

In our opinion the defendants had a right to incorporate the business so obtained by them, under the name "Prof. J. H. Austin Company," and that they were acting within their legal rights in creating a cor-

poration under that name for the purpose of conducting the business which they had acquired.

In our opinion, the decree of the court dissolving the preliminary injunction and dismissing the complainant's bill of complaint was properly entered. The decree is therefore affirmed.

*Affirmed.*